THE STATE EX REL. R.A.M.E., INC., APPELLANT, *v.* INDUSTRIAL COMMISSION
OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. R.A.M.E., Inc. v. Indus. Comm.*,

**124 Ohio St.3d 431, 2010-Ohio-575.**]

*Workers' compensation — Ohio Adm.Code 4123:1-3-03(J)(1) — Employer's
failure to provide safety equipment not established — Reconsideration
ordered.*

(No. 2009-0831 — Submitted December 15, 2009 — Decided
February 24, 2010.)

APPEAL from the Court of Appeals for Franklin County, No. 08AP-426,
2009-Ohio-1377.

_____

**Per Curiam**.

{¶ 1} In this appeal, appellant, R.A.M.E., Inc., challenges appellee
Industrial Commission of Ohio's finding that R.A.M.E. committed a violation of
a specific safety requirement ("VSSR"). In early 2004, R.A.M.E. was installing
the roof on a new school building. R.A.M.E. hired appellee Shawn Pawich Sr. as
a general laborer/roofer on that project. On February 9, 2004, Pawich was
working on the roof, but was not wearing the safety harness that he had brought to
the job site. Pawich fell off the roof, and after his workers' compensation claim
was allowed, he alleged that R.A.M.E. had violated Ohio Adm.Code 4123:1-3-
03(J)(1), which states: "Lifelines, safety belts or harnesses and lanyards shall be
provided by the employer and it shall be the responsibility of the employee to
wear such equipment when * * * exposed to hazards of falling where the
operation being performed is more than six feet above ground * * *."

**{¶ 2}** The harness that Pawich had brought to work belonged to his brother. Ohio Adm.Code 4123:1-3-03(C)(2) permits employees to supply their own protective equipment so long as it provides protection equivalent to that offered by the employer. At his VSSR hearing, Pawich testified that he had borrowed his brother's harness because R.A.M.E. had not provided him with one. Several of Pawich's coworkers, however, had been deposed, and each one stated that R.A.M.E. had provided harnesses and other safety equipment to them on their first day.

**{¶ 3}** A commission staff hearing officer concluded that R.A.M.E. had not provided Pawich with a safety harness:

**{¶ 4}** "[A]t about the time the injured worker sustained his injury of record, he was in the possession of a safety harness which belonged to his brother. There is no reason that the claimant would seek to borrow a safety harness belonging to another person if his employer had provided him with one."

**{¶ 5}** The hearing officer's finding rendered irrelevant Pawich's failure to wear his brother's harness, because a claimant's negligence is immaterial if the employer did not comply with the specific safety requirement initially. *State ex rel. Danstar Builders, Inc. v. Indus. Comm.*, 108 Ohio St.3d 315, 2006-Ohio-1060, 843 N.E.2d 761. A violation of Ohio Adm.Code 4123:1-3-03(J)(1) was accordingly found.

**{¶ 6}** After rehearing was refused, R.A.M.E. filed a complaint in mandamus in the Court of Appeals for Franklin County. The court of appeals upheld the VSSR, but based its decision on an allegation that had never been raised at the VSSR hearing. In a deposition that preceded the VSSR hearing, Pawich had stated that R.A.M.E. had offered him a safety harness, but only in exchange for a fee or deposit. Pawich did not, however, repeat that allegation at the hearing, nor did the hearing officer refer to that deposition in his order. The court of appeals nevertheless relied on that statement and concluded that

R.A.M.E.'s offer of a safety harness to Pawich did not satisfy Ohio Adm.Code 4123:1-3-03(J)(1), because an employer does not "provide" safety equipment within the meaning of the safety code when it offers equipment for a fee. It thus concluded that the commission did not abuse its discretion in finding that R.A.M.E. had violated that requirement.

{¶ 7} This cause is now before this court on appeal as of right.

{¶ 8} The reasoning contained in both the commission's order and the court of appeals' decision cannot be sustained. The court of appeals held that an employer that charges a fee for safety equipment does not "provide" that equipment within the meaning of Ohio Adm.Code 4123:1-3-03(J)(1). The staff hearing officer, however, never found that R.A.M.E. had charged a fee for safety gear. To the contrary, Pawich never made that argument to the hearing officer, so the credibility of that statement has never been ruled upon by the commission.

{¶ 9} The hearing officer instead determined that only one conclusion could be drawn from Pawich's possession of his brother's harness on the date of injury: R.A.M.E. had not offered a harness to Pawich. This logic also cannot withstand scrutiny. There are several reasons why Pawich might have had his brother's harness at the time of injury — familiarity, convenience, or comfort, for example. For the hearing officer to find that Pawich's possession of another harness compelled the conclusion that R.A.M.E. had not offered Pawich a safety harness and had therefore violated a specific safety requirement was an abuse of discretion.

{¶ 10} The judgment of the court of appeals is reversed, and a limited writ is issued ordering the commission to vacate its order. Because the evidence is extensive and conflicting, however, the case is not now amenable to a declaration that no VSSR was committed. Credibility may be a key issue, and this is a determination that lies exclusively with the commission. We therefore reverse the

court of appeals and issue a limited writ that orders the commission to vacate its order, reconsider the application, and issue a new order.

Judgment reversed

and limited writ granted.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

_____

Stefanski & Associates, L.L.C., and Janice T. O'Halloran, for appellant.

Richard Cordray, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellee Industrial Commission.

Philip J. Fulton Law Office, Philip J. Fulton, and William A. Thorman III, for appellee Shane Pawich Sr.

_____